```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
FRANKIE LEE McCRAY,

                    Petitioner,      07 Civ. 6589 (DAB)(GAY)

     -against-                             ORDER

ROBERT ERCOLE,

                    Respondent.
------------------------------------x
DEBORAH A. BATTS, United States District Judge.

     On December 16, 2010, United States Magistrate Judge George A. Yanthis issued a Report and Recommendation ("Report"), recommending that Petitioner's Petition for a Writ of Habeas Corpus be DENIED in its entirety. (Report at 16.) For the reasons set forth below, having conducted the appropriate levels of review following the objections of Parties, this Court adopts and ratifies the Report and Recommendation of Magistrate Judge Yanthis dated December 16, 2010. Accordingly, the Court denies the Petition in its entirety.

     I.    Objections to the Report and Recommendation

     "Within fourteen days after being served with a copy [of a Magistrate Judge's Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C). The court may adopt those portions of the report

to which no timely objection has been made, as long as there is no clear error on the face of the record. <u>Wilds v. United Parcel Serv., Inc.</u>, 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003). A district court must review <u>de novo</u> "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "To the extent, however, that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." <u>Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.</u>, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); <u>see also</u> <u>Ortiz v. Barkley</u>, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). After conducting the appropriate levels of review, the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C).

The objections of <u>pro se</u> parties are "generally accorded leniency and should be construed to raise the strongest arguments that they suggest." <u>Howell v. Port Chester Police Station</u>, 2010

WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (citation omitted). "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Id. (quoting Pinkney v. Progressive Home Health Servs., No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted)).

Pro Se Plaintiff filed timely objections to Magistrate Judge Yanthis' Report. See Docket # 15. Specifically, Petitioner disputes the accuracy of the Report's summary of his sentence below, (Obj. ¶ 1); lacks "sufficient knowledge to admit or deny the truth of [those sections of the Report which contain legal analysis], but believes them to be false," (Obj. ¶¶ 3-4); and "[a]s to any other allegations in the Report and Recommendation . . . denies the truth of the allegation," (Obj. ¶ 5).

While Magistrate Judge Yanthis' summary of his sentence characterized it as consisting of "concurrent terms," Report at 1, in fact Petitioner's sentences for several counts were to run concurrently, while others were to run consecutively.[1] See

---

[1] Specifically, Petitioner was sentenced on Count 1 to 25 years to life; on Count 3 to three and a half to seven years, concurrent; on Count 5 to ten years, consecutive; on Count 7, three and one half to seven years, concurrent; and on Count 8, one year, concurrent.

3

Transcript dated June 17, 2003 at 35-6. However, this inaccuracy in the Report has no bearing on the merits of the Petition or on the Report's legal conclusions.

Petitioner's remaining Objections cannot fairly be characterized as specific and clearly aimed at specific findings in the Report; accordingly, they fail to trigger heightened review of the Report's conclusions.

II. Conclusion

Having conducted a de novo review of the objected-to portion of the Report and Recommendation of United States Magistrate Judge George A. Yanthis dated December 16, 2010 and having reviewed the remainder of the Report for clear error, this Court APPROVES, ADOPTS, and RATIFIES the Report's factual recitations except for its factual finding concerning the sentence imposed following trial, which shall be amended as detailed herein. The Court APPROVES, ADOPTS, and RATIFIES the Report's legal analysis and conclusions in their entirety. Accordingly, Petitioner's Petition for a Writ of Habeas Corpus is DENIED.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997). The Court certifies that any

4

appeal from this Order or from the Report would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to dismiss the Petition with prejudice and to close the docket in this case.

SO ORDERED.

Dated:   New York, New York
         June 22, 2011

*Deborah A. Batts*

DEBORAH A. BATTS
United States District Judge

5